UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Steven Carr,<br><br>    Defendant | 2:13-cr-00250-JAD-VCF-3<br><br>**Order Granting Motion in Limine Re: "Gang"**<br><br>[ECF No. 196] |

    Defendant Steven Carr and five co-defendants are charged with conspiracy to interfere with commerce by extortion. The defendants are alleged motorcycle club or outlaw motorcycle "gang" members. Carr moves to preclude use of the word "gang" at trial under Federal Rule of Evidence 403. The government has filed no response. I agree that any probative value the word "gang" carries is substantially outweighed by the danger of unfair prejudice, so I grant Carr's motion. The government may not use the word "gang" at trial to describe the motorcycle organizations at issue in this prosecution. The parties and witnesses are directed to use the word "club" instead.

**Discussion**

**A.   Motions in limine**

    The Federal Rules of Evidence do not explicitly authorize motions in limine, but under the district courts' trial-management authority, judges can rule on pretrial evidentiary motions.[1] Limine rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind during the course of a trial."[2] Denying a motion in limine does not guarantee that all evidence raised

---

[1] *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

[2] *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in-limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

in the motion will be admissible at trial;[3] it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[4]

**B.      The use of the word "gang" is precluded under a FRE 403 analysis.**

Federal Rule of Evidence 403 allows a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. I find that referring to the defendants as "gang" members is unfairly prejudicial and must be precluded under FRE 403. Referencing these motorcycle groups, organizations, or clubs as a "gang" is not probative of any of the elements of conspiracy to interfere with commerce by extortion. Although the defendants' shared affiliations and group memberships are relevant to proving that they conspired together, referring to those groups as "gangs" (as opposed to clubs, organizations, or groups) does not make any fact of consequence more or less likely, and the danger of unfair prejudice flowing from the term "gang" is great.[5] I therefore grant Carr's motion. The government is precluded from using the word "gang" at trial to describe the motorcycle groups at issue in this case. The parties and witnesses should use the word "club," "organization," or "group" instead.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Carr's motion in limine [ECF No. 196] is GRANTED.**

Dated this 16th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] *Tracey v. A. Family Mut. Ins. Co.*, 2010 WL 3724896 (D. Nev. 2010) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846).

[4] *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (internal quotation marks omitted).

[5] *See Kennedy v. Lockyer*, 379 F.3d 1041, 1055–56 (9th Cir. 2004 (citing *United States v. Hankley*, 203 F.3d 1160, 1170 (9th Cir. 2000) (internal quotations and citations omitted) ("[T]estimony regarding gang membership creates a risk that the jury will [probably] equate gang membership with the charged crimes.").